UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY SANCHEZ,

Plaintiff,

v.

WALMART, INC., *et al.*,

Defendants.

Case No. 2:24-cv-10894 CV (MARx)

**ORDER GRANTING MOTION TO REMAND**

**[DOC. # 18]**

Before the Court is Plaintiff Nancy Sanchez's ("Plaintiff") Motion for Permission to Amend the Complaint and/or Remand the Case ("Motion"), filed on October 10, 2025. Doc. # 18 ("Mot."). Defendant Walmart, Inc. ("Defendant") filed an Opposition brief on October 22, 2025. Doc. # 19 ("Opp."). Plaintiff filed a reply brief on October 29, 2025. Doc. # 20 ("Reply"). The Motion is thus fully briefed.

After considering the papers filed, the Court concludes that this matter is appropriate for resolution without a hearing. Doc. # 22; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. The Court GRANTS the Motion to Remand.[1]

[1] Because the Court lacks subject-matter jurisdiction, it does not reach Plaintiff's request for leave to amend her complaint.

## I. INTRODUCTION

Plaintiff filed the present action on October 16, 2024, in the Superior Court of California for the County of Los Angeles. Doc. # 1-1 ("Compl.") at 6-10.[2] On December 16, 2024, Defendant filed an answer to the Complaint in the Superior Court, generally denying Plaintiff's allegations. Doc. # 1-3 ("Answer") at 2.

Plaintiff asserts causes of action for (1) General Negligence; and (2) Premises Liability. Compl. at 7, 9–10. Plaintiff's Statement of Damages seeks general damages of more than $1,000,000, special damages of more than $1,000,000, and compensatory damages. *See id* at Prayer; Doc. # 1-2 ("Statement of Damages").

## II. BACKGROUND

Plaintiff alleges that, on or around September 24, 2023, she was lawfully on the premises of a Walmart Store located at 8333 Van Nuys Blvd., Panorama City, CA 91402. Compl. at 9. While walking towards the store restrooms, Plaintiff alleges she stepped on "water and/or an unknown substance on the floor," which caused her to slip, fall and endure severe injury and pain. *Id.*

Plaintiff filed her Complaint on October 16, 2024, in the Superior Court of California for the County of Los Angeles. Plaintiff served a copy of the Complaint and Summons on Defendant on November 18, 2024. Doc. # 1 ("NOR") ¶ 2. On December 18, 2024, Defendant removed this case, asserting diversity jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has

---

[2] All record citations reflect CM/ECF pagination.

passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## IV. DISCUSSION

Defendant contends that removal was proper under 28 U.S.C. § 1332 because diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000. NOR ¶ 3. Plaintiff, however, argues that Defendant has failed to provide adequate evidence that the amount in controversy exceeds $75,000. Mot. at 3, 13–18. For the reasons set forth below, the Court finds that Defendant has failed to establish that the amount in controversy here exceeds $75,000.

Federal courts have a duty to examine jurisdiction *sua sponte* before proceeding to the merits of a case, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."); *Washington v. United Parcel Serv., Inc.*, No.

CV 09-01131 DDP (AGRx), 2009 WL 1519894, *1 (C.D. Cal. June 1, 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or *sua sponte*").

Here, Defendant removed this action on the basis of diversity jurisdiction. NOR ¶ 3. To support removal, Defendant makes conclusory assertions that the amount in controversy exceeds $75,000.[3] However, Defendant proffers absolutely no evidence to show damages plausibly exceed $75,000 other than Plaintiff's Statement of Damages. *See* Opp. at 8. And there is nothing in the record to indicate that Plaintiff's multi-million-dollar Statement of Damages is anything but a "bold and optimistic prediction." *Molina v. Lexmark Int'l, Inc.*, No. 08-cv-4796-MMM (FMx), 2008 WL 4447678, at *4 (C.D. Cal. Sept. 30, 2008) (quoting *Surber v. Reliance Nat'l Indem. Co.*, 110 F.2d 1227, 1232 (N.D. Cal. 2000) (remanding case where the only evidence provided to prove the amount in controversy was plaintiff's unsupported statement of damages).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, *see Gaus*, 980 F.2d at 566, the Court is not persuaded that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); *Valdez v. Allstate Ins. Co.*, 372

---

[3] Defendant argues that Plaintiff's Motion is untimely because Defendant's failure to demonstrate the amount in controversy is an "alleged defect in the notice of removal." Opp. at 8. However, Plaintiff asserts a jurisdictional defect (i.e., the amount in controversy is not met). Mot. at 13–18. Defendant had the opportunity, through its Opposition, to prove by a preponderance of the evidence, that the amount in controversy is met. Having failed to do so, Defendant's shortcoming is jurisdictional and the Court must remand. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) ("The court has a continuing obligation to assess its own subject-matter jurisdiction . . . .")

F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, defendant should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold." (citation modified)).

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Court remands the case to the Los Angeles County Superior Court, Case No. 24VECV05101. The Clerk shall send a certified copy of this Order to the Superior Court.

3. The Court directs the Clerk to effect the remand immediately and close this federal case.

**IT IS SO ORDERED.**

Dated: 9/28/26

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE